## Clunen's Estate

*Patrick J. McGee,* for petitioner.
*W. Glenn George,* for respondent.

VAN DUSEN, P. J., December 16, 1938.—Petitioner states that the will of Patrick J. Clunen has been probated and that he is the sole legatee under the will. He says that the executor of the will has in his possession other papers of a testamentary character in which petitioner is named as executor which should properly be lodged for inspection with the register of wills, and that the executor has refused to produce these papers. The answer denies that respondent has in his possession papers of a testamentary character executed subsequent to the will which was probated. The matter was heard on petition and answer, and we take it that respondent does have in his possession testamentary writings of the deceased dated prior to the will. In his brief petitioner states that he wishes to see these papers and have them preserved, because he cannot decide whether to contest the will which has been probated until he knows what prior will there may be. Is the

order sought for within the jurisdiction of this court and within the powers which it exercises within that jurisdiction?

By section 9 (*m*) of the Orphans' Court Act of June 7, 1917, P. L. 363, we have jurisdiction of appeals from a decree of probate by the register. By section 9 (*n*) of the same act, we have a general grant of ancillary powers necessary to the performance of our duties; by section 20 (*a*) we have the power to compel attendance of witnesses; by section 20 (*c*) to compel the production of papers; and by section 20 (*d*) to perpetuate testimony. If an appeal from the register had been taken and the papers sought for were evidential, there can be no question that we would have the right to grant the relief sought.

While this is a court of limited jurisdiction, it has general equity powers within that jurisdiction: Ake & Feay's Appeal, 74 Pa. 116. But we are not confined to equity powers and modes of procedure. We have the right to do whatever is needful to carry out the duties which are within our jurisdiction. We may look to equity methods such as the bill of discovery and the bill to perpetuate testimony as analogies, but if it is necessary that something be done, we are not required to find precedents in the equity field for our action, and, therefore, it is not necessary to decide, for example, whether a bill of discovery lies before a suit is brought or whether it may be used to disclose matters which are not relevant to a proposed issue, but which are necessary to inform a litigant.

If we may compel discovery of evidence and perpetuate testimony and hold property of a decedent in statu quo pending a contest, why may we not take such action as is necessary to preserve the subject matter of a possible appeal from the register—a testamentary writing? A will is a peculiar instrument in which the tax authorities and creditors and possible legatees and heirs, and in a sense the world generally has an interest, and if special action is required to preserve such writings, this is the place in which to take it. Boni judicis est ampliare justi-

tiam. This is the correct version of the maxim, and its meaning in substance is: "A judge should extend his remedial powers within his jurisdiction." See 9 C. J. 135.)

Section 8 of the Register of Wills Act of June 7, 1917, P. L. 415, gives that officer power to compel the production of "a testamentary writing alleged to be the last will and testament of a decedent". The papers sought in this proceeding are not, or rather may not be the *last* will of the decedent. Whether or not such a proceeding as this is within the register's jurisdiction, we think that it is also within our power and jurisdiction.

The prayer of the petition is granted and respondent is directed to lodge with the register all testamentary writings of Patrick J. Clunen which are in his possession, whatever date they bear.